PROB. 12B
(7/93)

ORIGINAL

# United States District Court

### for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 06 2008

at ___ o'clock and ___ min ___ M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: SOSIUA MOALA          Case Number: CR 00-00479DAE-01

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
                                       U.S. District Judge

Date of Original Sentence: 4/22/2002

Original Offense:   <u>Count 3:</u> POSSESSION WITH INTENT TO DISTRIBUTE FIVE GRAMS OR MORE OF COCAINE BASE, in violation of 21 U.S.C. § 841(a)(1), a Class B felony

Original Sentence:  Forty-three (43) months imprisonment as to Count 3 of the Indictment, all such terms to be served concurrently with the State of Hawaii sentence, followed by eight (8) years supervised release with the following special conditions: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 3) That the defendant comply with the requirements of the Immigration and Naturalization Service, including submitting to deportation proceedings and not reentering the U.S. without proper authorization; and 4) Without the prior approval of the Probation Office, the defendant shall not enter the "Operation Weed and Seed" target area which is bordered by Lunalilo Freeway, Nuuanu Avenue, Bethel Street, Nimitz Highway, North King Street, Dillingham Boulevard, and Kokea Street, as depicted in the map to be attached to the Judgment.

Type of Supervision:  Supervised Release    Date Supervision Commenced: 2/13/2004

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

**General Condition:**          That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall

Prob 12B
(7/93)

2

> submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).

**Special Condition No. 2:** That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

## CAUSE

We are requesting modification of the General Condition for mandatory drug testing and special condition for substance abuse treatment which includes drug and alcohol testing. The proposed modifications are necessary to continue to monitor risk factors and to provide the necessary correctional treatment in the event of a drug relapse and when drug treatment is appropriate. Given that the instant offense is a drug offense, coupled with the offender's substance abuse history, continued drug testing beyond the drug treatment and testing regimen is prudent. In light of U.S. vs. Stephens, we are recommending the collection of no more than eight valid drug tests per month. In addition, the modification reinforces our position that drug testing is a component of substance abuse treatment. The offender agreed to the modifications. The defense counsel and Assistant U.S. Attorney expressed no objections to the modifications.

As background information, the offender pled guilty to Possession With Intent to Distribute Five Grams or More of Cocaine Base. With respect to the offender's supervision adjustment, the offender has been on supervision since 2/13/2004. Overall, the offender has remained in compliance with the terms and conditions of supervised release. The offender completed the 1-year drug aftercare program on 9/26/2005 without difficulty, and the offender has maintained employment while on supervision. The offender has been cooperative with the Probation Office and appears to be amenable to supervision.

It is noted that the offender incurred a technical violation for failing to report an arrest for Assault in the First Degree within 72 hours. On 4/18/2007, we learned that the offender was arrested by the Honolulu Police Department (HPD) for Assault in the First Degree. Although we met with the offender on 4/16/2007, he made no mention of his arrest. The outcome of the police investigation revealed the offender was initially believed to be a suspect, but was later identified as a victim of the assault investigation.

Prob 12B
(7/93)

3

This, coupled with the case against the offender ultimately being dismissed and closed for lack of evidence, warranted a verbal reprimand as an appropriate sanction for the technical violation.

With respect to the circumstances of the incident, police reports and Detective McKee corroborate that, on 4/14/2007 at 1:00 a.m., the offender was involved in a physical altercation at a night club located on Makaloa Street. The fight between the offender and alleged complainant began in the club. The fight was stopped and the offender left the club to go home. The alleged complainant however followed the offender out to the parking lot and to his vehicle where he retrieved what appeared to be a gun (later identified as a BB gun). It appeared that the complainant intended to approach the offender with the gun. A crowd of witnesses in the parking lot confronted the complainant and yelled out to him to put the gun away or leave the area. The complainant then fired two shots in the air, at which point the crowd rushed and mobbed the complainant in an attempt to take the gun away. The offender, seeing the complainant being mobbed by the crowd, left his vehicle and ran towards the crowd and attempted to stop them from injuring the complainant. HPD arrived at the scene and arrested the offender for Assault in the First Degree.

When questioned about the technical violation, the offender admitted to the violation for failing to notify the Probation Office of his arrest. He stated that he was scared and justified it to himself that since he was not charged for the offense, it was okay not to mention the arrest to the Probation Office. The offender was also adamant that he did nothing wrong and was falsely accused by the complainant. The offender's representation of the circumstances was corroborated by the investigative reports.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modifications of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

Respectfully submitted by,

FITUINA F. TUA
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 8/4/2008

Prob 12B
(7/93)

4

---

THE COURT ORDERS:

[✓]   The Modification of Conditions as Noted Above
[ ]   Other

_____
DAVID ALAN EZRA
U.S. District Judge

AUG 0 5 2008
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drugs tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day. (mandatory condition).

**Special Condition No. 2:**   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____          Signed: _____
FITUINA F. TUA                                            SOSIUA MOALA
Senior U.S. Probation Officer                             Supervised Releasee

8/4/08
Date